UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL C. COURTOIS, | ) | 1:06-cv-00182-OWW-TAG HC |
| Petitioner, | ) ) | |
| | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| USA, | ) | |
| | ) | ORDER REQUIRING OBJECTIONS TO BE |
| Respondent. | ) | FILED WITHIN TWENTY DAYS |
| | ) | |

     Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     On February 16, 2006, Petitioner filed a document entitled "Motion Under 28 USC § 2255 to Vacate, Set aside, or Correct Sentence by a Person in Federal Custody" using a form designed for federal prisoners challenging their convictions or sentences under 28 U.S.C. § 2255. (Doc. 1). Petitioner is not a federal prisoner and he is not challenging a federal conviction or sentence. The substance of Petitioner's pleading is in part akin to a petition for writ of habeas corpus. Accordingly, Petitioner's motion will be referred to as a petition for writ of habeas corpus filed by a state prisoner. The documents attached to the petition for writ of habeas corpus indicate that Petitioner was convicted in the Superior Court for Humboldt County on February 10, 2003 of attempted voluntary manslaughter and assault. (Doc. 1, p. 42). Petitioner alleges that his petition for review was denied on July 13, 2005 in the California Supreme Court.

     Petitioner also references an earlier petition for writ of habeas corpus he filed in this Court in case number 1:05-cv-01152-OWW-SMS-HC. The Court notes that on April 7, 2006, the Court

dismissed all claims in that petition that challenged Petitioner's conviction or sentence in Humboldt County because Humboldt County is not within the jurisdiction of this Court. The Court ordered Petitioner to file an amended petition with regard to the remaining claims related to Petitioner's parole; however, when Petitioner filed his amended petition, it only contained claims of civil rights violations. Accordingly, the Court dismissed the petition and entered judgment on September 29, 2006 in the earlier case.

Although Petitioner has mixed and combined all of his claims, the instant petition for writ of habeas corpus appears to contain three broad claims: (1) Respondent has kept Petitioner incarcerated past his required release date in violation of his constitutional rights; (2) Respondent is depriving Petitioner of his civil rights vis-a-vis law library access, use of telephones, medical treatment, money, food, and shelter; and (3) Petitioner's sentence is illegal because of discrepancies in the abstract of judgment. (Doc. 1, pp. 4-5).

## **DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases. A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts

shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. <u>See also</u> Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .." <u>Preiser v. Rodriguez</u>, 411 U.S. at 484.  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

      A.  <u>The Court Lacks Jurisdiction To Hear Petitioner's Claim Challenging His Sentence</u>.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. 1391(b).

In this case, Petitioner challenges both the validity of his sentence and the execution of his sentence.  The proper venue for challenging the validity of his sentence is the district court containing the sentencing court, while the proper venue to challenge the execution of his sentence is the district court containing the prison in which Petitioner is incarcerated.

Although Petitioner has filed in the proper district court to challenge the execution of his sentence, any claims challenging his sentence should be heard by the district court containing the sentencing court.  Under 28 U.S.C. § 2254, this Court does not have jurisdiction to hear claims relating to the sentencing court where Petitioner was not sentenced in this district. <u>See</u> 28 U.S.C. § 2241(d).  Additionally, the resolution of Petitioner's claims involving the sentencing court may render his remaining claims moot.

///

Petitioner challenges a conviction and sentence from Humboldt County, which is in the Northern District of California. Therefore, the portion of the petition challenging the validity of his conviction should have been filed in the United States District Court for the Northern District of California. If Petitioner wishes to raise these claims further, he must do so in that district court.[1]

B. The Court Lacks Jurisdiction To Hear Civil Rights Claims.

Petitioner's claim regarding Respondent's alleged violations of his civil rights are not appropriate in this habeas proceeding. As mentioned previously, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Here, Petitioner contends that the conditions of his confinement, i.e., food, shelter, telephone access, medical services, and law library access, are inadequate. Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this claim must be dismissed. Should Petitioner wish to pursue his claim of civil rights denial, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

C. Petitioner's Parole Claim Must Be Amended To Clearly State A Federal Claim.

Petitioner's claim that Respondent has kept him incarcerated beyond his release date would appear, at first blush, to raise a constitutional issue. However, the claim, as presently framed, is too vague and conclusory for the Court to determine the exact nature of the claim. Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez, 908 F.2d at 490-491; Wacht v. Cardwell, 604 F.2d 1245, 1246-1247 (9th Cir. 1979). Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause. See Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir. 1970); Hendricks, 908 F.2d at 491-492; Wacht, 604 F.2d at 1246-1247. Following the resolution of these Findings and Recommendations,

---

[1] The Court notes that this is precisely the same problem that was addressed in Petitioner's earlier petition in this Court in case number 1:05-cv-01152-OWW-SMS-HC. Petitioner was advised at that time that this Court lacked jurisdiction to hear claims that challenged Petitioner's conviction or sentence in Humboldt County. The Court reiterates that conclusion in this Order.

1 the Court will grant Petitioner the opportunity to amend the petition to clarify his claim for relief
2 based on a denial of parole.

3     D.  Petitioner Must Name The Proper Respondent.

4     Finally, if Petitioner files an amended petition, he must name the person have day-to-day
5 custody of Petitioner as Respondent.  A petitioner seeking habeas corpus relief must name the state
6 officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing
7 § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California
8 Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an
9 incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the
10 warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378,
11 379 (9th Cir. 1992).  However, the chief officer in charge of state penal institutions is also
12 appropriate.  Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.  When a petitioner is on
13 probation or parole, the proper respondent is his probation or parole officer and the official in charge
14 of the parole or probation agency or state correctional agency.  Id.

15     As discussed above, Petitioner utilized a form designed for federal prisoners challenging their
16 convictions or sentences under 28 U.S.C. § 2255.  The form contains the printed name "United
17 States of America" where, normally, the respondent's name would be inserted in a habeas corpus
18 petition filed pursuant to 28 U.S.C. § 2254.  Apparently, the Clerk of the Court assumed Petitioner
19 had named as the respondent the United States of America.  However, upon closer review, it appears
20 that Petitioner has not named anyone as the respondent.  Accordingly, the Court lacks jurisdiction to
21 consider his remaining claim related to parole.

22     Following the issuance of an order resolving these Findings and Recommendations,
23 Petitioner will be given an opportunity to file an amended petition naming as the respondent the
24 individual responsible for day-to-day control over Petitioner.  See West v. State of Louisiana, 478
25 F.2d 1026, 1029 (5th Cir. 1973), vacated in part on other grounds, 510 F.2d 363 (5th Cir. 1975) (en
26 banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
27 Washington, 394 F.2d 125 (9th Cir. 1968) (same).  Petitioner's failure to name his custodian as a
28 ///

5

respondent deprives this Court of personal jurisdiction to consider his petition. Stanley, 21 F.3d at 360; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989)

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's claim challenging his sentence and conviction arising from Humboldt County be DISMISSED from the action for lack of jurisdiction;
2. Petitioner's claim of civil rights violations in prison be dismissed because it fails to state a claim for which habeas relief can be granted; and
3. Within thirty (30) days from the date of service of the order resolving these Findings and Recommendations, Petitioner be granted leave to file an amended petition regarding his parole claim.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fifteen (15) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 17, 2007**            /s/ Theresa A. Goldner
                                   UNITED STATES MAGISTRATE JUDGE